IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION

FILED

March 17, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9705-CR-00180 |
| Appellee, | * | SULLIVAN COUNTY |
| VS. | * | Honorable Phyllis E. Miller, Judge |
| GARY LYNN SMITH, | * | (Introducing Drugs Into Penal Facility) |
| Appellant. | * | |
| | * | |

For Appellant:

Gerald L. Gulley
P.O. Box 1708
Knoxville, TN  37901-1798
(on appeal only)

Richard A. Tate
Assistant Public Defender
P.O. Box 839
Blountville, TN  37617

For Appellee:

John Knox Walkup
Attorney General & Reporter

Timothy Behan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Barry Staubus
Assistant District Attorney General
P.O. 526
Blountville, TN  37617

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Gary Lynn Smith, pled guilty to introducing drugs into a penal institute, a Class C felony. The trial court imposed a three-year sentence to be served in the Department of Correction. In this appeal of right, the defendant claims the trial court erred by denying an alternative sentence.

We affirm the judgment of the trial court.

On February 14, 1996, the defendant was convicted of DUI, second offense, and received a sentence including work release. When he reported to jail to serve a portion of his sentence, a plastic baggie containing marijuana was discovered in his shoe.

At the time of the offense, the defendant was working at Winn-Dixie and was in training for an assistant manager position. The presentence report established that the defendant has prior convictions for perjury, driving on a revoked license, DUI, public intoxication, unlawful use of drug paraphernalia, disorderly conduct, and several traffic offenses. The defendant admitted to smoking marijuana in the past but claimed to have quit by the time the sentence was imposed.

In denying probation or Community Corrections, the trial judge ruled as follows:

> You have been released on a suspended sentence
> seven times in the past ... and you were serving
> minimum, mandatory time on work release, and yet, ...
> you violated the law. ... You have several pages of
> misdemeanor offenses .... I don't know how you can be
> rehabilitated because you had all of these other chances.
> ... I am denying probation. ... [T]he only other alternative
> is putting you in Community Corrections. ... [Y]ou have
> the same problems [as] at the jail except you are not
> locked up at night like you are here in the jail. You see,

we have already tried something, ... giving you work release. ... Nothing has worked for you in the past. Full probation didn't work. Work release didn't work. That's the same as Community Corrections. I am just going to deny alternative sentencing of any form ....

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing

3

options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103(1). The Community Corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal aims. State v. Griffith, 787 S.W.2d 340, 342 (Tenn. 1990). That the defendant meets the minimum requirements of the Community Corrections Act of 1985, however, does not mean that he is entitled to be sentenced under the Act as a matter of law or right. State v. Taylor, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for Community Corrections:

> (1) Persons who, without this option, would be incarcerated in a correctional institution;
>
> (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 2 [repealed], parts 1-3 and 5-7 or title 39, chapter 13, parts 1-5;
>
> (3) Persons who are convicted of nonviolent felony offenses;
>
> (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;
>
> (6) Persons who do not demonstrate a pattern of committing violent offenses; and
>
> (7) Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." Taylor, 744 S.W.2d at 922. We cannot conclude the trial court erred by denying an alternative sentence.

Initially, the defendant would be eligible for either probation or Community Corrections. Because, however, he was unable to comply with the terms of his work release by committing the present offense, "measures less restrictive than confinement have ... recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(C). Moreover, the defendant received suspended sentences several times in the past and yet persisted in his unlawful behavior. Id. Thus, the trial court had a sound basis for denying probation or Community Corrections.

A Community Corrections sentence might have allowed the defendant the opportunity for treatment for his drug problems. He claimed remorse and a genuine desire to "get his life back on track." See State v. Bingham, 910 S.W.2d 448, 453 n.2 (Tenn. Crim. App. 1995). Yet, the trial judge made the appropriate findings of fact and considered the purposes and principles of the Sentencing Reform Act. In Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171. "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Id. at 171. In our view, the defendant has not met his burden of showing that the trial court erred by denying an alternative

5

sentence.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge